UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BALCAZAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY[1], Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.  1:24-cv-00305-EPG<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT; ORDER<br><br>(ECF No. 22) |

　　　　IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of SEVEN THOUSAND FOUR HUNDRED AND 00/100 ($7,400.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of ZERO dollars ($0.00) under 28 U.S.C. §1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was the prevailing party in this matter and Plaintiff is an individual whose net worth does not exceed $2,000,000 at the time the civil action was filed. The position of the Commissioner was not substantially justified and an award of fees is not unjust.

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Under Astrue v. Ratliff, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned his right to EAJA fees to his attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check or electronic fund transfer (EFT) made out to Plaintiff, but delivered to Plaintiff's attorney.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Counsel including Counsel's firm may have relating to EAJA attorney fees in connection with this action.

The parties further agree that the EAJA award is without prejudice to the right of Plaintiff's attorney to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1) (2006).

                            Respectfully submitted,

Dated: October 31, 2024                      /s/ *Jonathan O. Peña*
                                                JONATHAN O. PEÑA
                                                Attorney for Plaintiff

Dated: October 31, 2024                    PHILLIP A. TALBERT

        United States Attorney
        MATHEW W. PILE
        Associate General Counsel
        Office of Program Litigation
        Social Security Administration

By: _*_*Noah Schabacker*_
      Noah Schabacker
      Special Assistant U.S. Attorney
      Attorneys for Defendant
      (*Permission to use electronic signature obtained via email on October 31, 2024).

**ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees and Expenses (ECF No. 22), IT IS ORDERED that fees and expenses in the amount of SEVEN THOUSAND FOUR HUNDRED AND 00/100 ($7,400.00) as authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of ZERO dollars ($0.00) under 28 U.S.C. § 1920, are awarded subject to the terms of the Stipulation.

IT IS SO ORDERED.

Dated: **November 1, 2024**   /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE